UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADREYA MALONE,<br><br>Plaintiff,<br><br>v.<br><br>TRUEACCORD CORP. and JEFFERSON CAPITAL SYSTEMS, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:22-cv-00055<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes ADREYA MALONE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of TRUEACCORD CORP. ("TrueAccord"), and JEFFERSON CAPITAL SYSTEMS, LLC ("Jefferson") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code. Ann. § 392 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Dallas County, Texas, which lies within the Northern District of Texas.

5. TrueAccord is a third party debt collector that provides "digital-first debt collection that delivers better results . . . ."[1] TrueAccord is a corporation organized under the laws of the state of Delaware with its principal place of business located at 16011 College Boulevard, Suite 130, Lenexa, Kansas.

6. Jefferson is third party debt collector and debt purchaser. Jefferson is a limited liability company organized under the laws of the state of Georgia with its principal place of business located at 16 McLeland Road, St. Cloud, Minnesota.

7. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendants' attempts to collect upon an outstanding consumer debt ("subject debt") said to be owed by Plaintiff's mother, Audrey Carter ("Ms. Carter").

---

[1] https://www.trueaccord.com/

10. Upon information and belief, the subject debt stems from Ms. Carter's past due payments on an obligation incurred for her personal purposes.

11. Upon further information and belief, after Ms. Carter's default on the subject debt, the subject debt was charged off and eventually purchased by Jefferson, who in turn engaged TrueAccord to attempt to collect upon the subject debt.

12. In approximately the summer of 2021, Plaintiff began receiving collection emails from TrueAccord attempting to collect upon the subject debt.

13. Plaintiff was confused as to why she was receiving collection emails intended for her mother.

14. Aggravated, Plaintiff asked her mother why she was getting these emails, and Ms. Carter assured her that she had never provided her email to anyone, let alone any creditor or debt collector.

15. Upon information and belief, Defendants ran a skiptrace or otherwise scraped public records for information on Ms. Carter, which resulted in their misattribution of Plaintiff's email address to Ms. Carter.

16. Defendants' conduct in repeatedly communicating with Plaintiff regarding the subject debt violates the FDCPA's prohibitions on communications with individuals other than the consumer.

17. Defendants have sent Plaintiff a number of offending emails, each of which has caused Plaintiff further aggravation, including aggravation directed towards Ms. Carter for creating the situation that has resulted in Plaintiff being repeatedly contacted without any authorization.

18. As a result of Defendant's violations of law, Plaintiff has been subjected to unnecessary and inappropriate collection efforts, has been provided sensitive information regarding a third party, has suffered a strained relationship with her mother, emotional distress, and has further

suffered numerous violations of her federally protected interests to be free from debt collection communications intended for someone else.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is "any person" as contemplated by 15 U.S.C. § 1692k(a).

21. Defendants are debt collectors, as defined by 15 U.S.C. § 1692a, because they are persons who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because they regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Upon information and belief, Jefferson controlled the nature of TrueAccord's communications with Plaintiff, including providing TrueAccord the erroneous email address, such that Jefferson is not only directly liable for its conduct as a debt collector, but also vicariously liable for TrueAccords's violations of law.

    **a. Violations of FDCPA § 1692c**

24. The FDCPA, pursuant to 15 U.S.C. § 1692c(b), provides that "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

25. Defendants violated § 1692c(b) by communicating with Plaintiff, a third party, absent any authorization. Ms. Carter never provided Plaintiff's email to any entity, let alone Defendants. As such, Defendants lacked permission to contact Plaintiff regarding Ms. Carter's obligation. Defendants' conduct in impermissibly contacting Plaintiff caused Plaintiff emotional distress, aggravation, and strained her relationship with her mother, *inter alia.*

    b.  **Violations of FDCPA §1692d**

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

27. Defendants violated § 1692d when they repeatedly communicated with an individual who had no connection to the debt serving as the basis of Defendant's collection efforts.

    c.  **Violations of FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendants violated § 1692e, e(2), e(5), and e(10) through their deceptive communications with Plaintiff, a third party with no collection to the subject debt. Defendant repeatedly communicated with Plaintiff despite such communications being illegal. Defendants thus

5

threatened, and actually engaged in, an action that could not legally be taken. Such conduct is explicitly deceptive and misleading, and Defendants' persistence in their course of conduct caused Plaintiff concrete harm.

### d. Violations of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendants violated §§1692f when they unfairly communicated with Plaintiff repeatedly despite never having any authorization to do so.

33. Plaintiff has been harmed and suffered damages as a result of Defendants' illegal actions.

WHEREFORE, Plaintiff, ADREYA MALONE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person" as contemplated by Tex. Fin. Code Ann. § 392.403(a).

36. Defendants are "debt collector[s]" and/or "third party debt collector[s]" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

37. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.304

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

39. Defendants violated the above referenced provisions of the TDCA in much the same way they violated § 1692e *et seq.* of the FDCPA.

WHEREFORE, Plaintiff, ADREYA MALONE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 10, 2022                                     Respectfully submitted,

s/ Nathan C. Volheim                                        s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                            Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                                       Counsel for Plaintiff
Admitted in the Northern District of Texas                  Admitted in the Northern District of Texas

Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
(630) 568-3056 (phone)  
(630) 575-8188 (fax)  
nvolheim@sulaimanlaw.com

Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
(331) 307-7648 (phone)  
(630) 575-8188 (fax)  
ecoleman@sulaimanlaw.com

s/ Alejandro E. Figueroa  
Alejandro E. Figueroa, Esq. # 6323891  
Counsel for Plaintiff  
Admitted in the Northern District of Texas  
Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois  
(630) 575-8181, ext. 120 (phone)  
(630) 575-8188 (fax)  
alejandrof@sulaimanlaw.com